IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jorge Oliverio Moran-Can,<br><br>Defendant. | No. CR-22-01661-001-TUC-SHR (LCK)<br><br>**ORDER RE: MOTION FOR NEW TRIAL (DOC. 170)** |

Pending before the Court is Defendant Jorge Oliverio Moran-Can's motion for a new trial filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. 170.) For the following reasons, the Motion is denied.[1]

### I. BACKGROUND

After a four-day trial and deliberation, the jury returned verdicts finding Defendant guilty of assault on a federal officer – bodily injury and assault on a federal officer – physical contact. (Docs. 153, 154.) Border Patrol Agent, B.G., who is also the victim, and Defendant were the only witnesses to testify. (Doc. 162 at 3; Doc. 163.) Defendant is a Spanish speaker and testified at trial with the assistance of two Spanish-speaking court-

---

[1] Defendant requested oral argument. (Doc. 170 at 1.) The Court finds oral argument will not aid in resolution of the issues raised and, therefore, denies this request. *See* LRCrim 47.1 (referring to LRCiv 7.2(f)); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court."); *see also Bach v. Teton Cnty. Idaho*, 207 F. Appx 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions.").

certified interpreters. (Doc. 140.) The jury was instructed during preliminary instructions and during final instructions according to Ninth Circuit Model Jury Instruction 6.17, that requires jurors to accept the court-certified interpreters' translation of witness testimony. Neither party objected to the Preliminary or Final Jury Instructions.

During Defendant's testimony, the interpreters first translated the Spanish word *puño* to mean the "handle of the baton." (Doc. 162 at 128–29.) In later testimony, the word *puño* was translated to mean "fist." (*Id.* at 144.) After Defendant completed his testimony, including cross-examination and re-direct, and was excused, Defense counsel (at sidebar) stated:

> I just want to make a record that I think there are *potentially* translation issues. *Not enough for me to have pointed them out*, but, for example, the issue of how a fist or the end of a baton is translated. That's the same word in Spanish. So I just want to put that on the record. There are times that there *may have been* some issues just in the sense that some words in Spanish can mean two different things in English.

(Doc. 162 at 155–56) (emphasis added). Defendant's expert agrees the word *puño* "can have different meanings and thus the potential to produce ambiguity and create confusion in both directions, from Spanish into English and from English into Spanish." (Doc. 170, Exh. B at 3.)

Defendant now argues the translation errors during trial "were so great that they infringed Mr. Moran-Can's constitutional rights" and a new trial is needed in the interest of justice because credibility was of the upmost importance. (Doc. 170 at 6–7.)

## II. DISCUSSION

Defendant argues there were several translation issues at trial but seems to primarily focus on the word *puño*.[2] (Doc. 170 at 3–4.) According to Defendant, the translation errors

---

[2]Defendant offers an expert who opines there were multiple translation errors based on the transcript and the interpreters failed to follow proper protocols to clarify these issues. (Doc. 170 at 7–8, Exh. B at 4.) The Court finds these alleged translation errors irrelevant to the issue of determining Defendant's guilt especially since the "expert" did not hear the spoken Spanish words.

and the Government's reference to inconsistencies in testimony require a new trial because the cumulative effect prejudiced him. (*Id.* at 10.) The Government argues a new trial is unwarranted because Defendant waived the issue by failing to timely object, there is no evidence of mistranslation, and even if the alleged errors occurred, they were so minor that Defendant suffered no prejudice. (Doc. 174 at 3–6.)

### a. Waiver

As a preliminary matter, the Court finds Defendant waived arguments regarding translation errors due to the lack of timely objections. *See c.f.*, *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989) ("Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.").

Here, Defense counsel made a record after the cross exam and redirect of Defendant that there were "potentially translation issues" but admitted they were "not enough for [her] to have pointed them out." Defense counsel clarified the alleged confusion of the word "*puño*" on direct. (Doc. 162 at 144.) Further attempts at clarification would have likely only added to any alleged confusion as Defendant's testimony was inconsistent with photographs admitted at trial. Other than the "record" defense counsel made after Defendant testified, there was no objection. Therefore, Defendant waived any issues related to interpretations by the court-certified interpreters. However, even if the issues were not waived, as explained below, the interests of justice do not warrant a new trial.

### b. Interests of Justice

Rule 33 of the Federal Rules of Criminal Procedure states "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The defendant bears the burden of proving that a new trial should be granted. *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). The decision to grant or deny a motion for new trial is within the discretion of the district court. *United States v. Steel*, 759 F.2d 706, 713 (9th Cir. 1985). However, "the Court should exercise its discretion

sparingly, and new trials should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Martinez*, 844 F.Supp. 975, 980 (S.D.N.Y. 1994) (quoting *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984) (internal quotations omitted)). "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States*, 344 U.S. 604, 619 (1953).

Here, the Court concludes Defendant has not shown sufficient prejudice to warrant granting a new trial. Defendant cites general principles of law but does not meaningfully explain how his right to due process, a fair trial, to testify, or to present a complete defense were violated. First, the Court does not find potential error in translating *puño* resulted in an unfair trial. The potential translation issue involves a small fraction of the Defendant's testimony and the Government relied on additional inconsistencies to undermine Defendant's credibility. (Doc. 163 at 23–24, 40.) Second, Defendant was able to testify during trial with the assistance of two court-certified Spanish-speaking interpreters. (Doc. 140; Doc. 162 at 122–55.) Finally, Defendant had a meaningful opportunity to participate in his defense. After the perceived translation issue, Defense counsel clarified the translation of *puño* as to whether the Defendant meant fist or end of a baton and Defendant was able to clarify he meant baton. (Doc. 162 at 144.)

Defendant stipulated to the jury instructions regarding court-certified interpreters and is not objecting to the instructions now. Defendant also had an opportunity in closing argument to rebut the Government's argument related to perceived inconsistencies in Defendant's testimony. (Doc. 163 at 26–39.) The testimony of the witnesses and the photographs admitted into evidence was inconsistent. The jury had to weigh each witness's testimony in light of various photographs admitted into evidence. The evidence considered by the jury did not weigh heavily against the verdict.

Defendant fails to cite any authority, and the Court is unaware of any, that entitles him to a new trial under these circumstances. Therefore, Defendant has failed to show the alleged translation issues resulted in prejudice making this an "exceptional case" warranting a new trial.

Accordingly,

**IT IS ORDERED** Defendant's motion for a new trial (Doc. 170) is **DENIED**.

Dated this 6th day of June, 2023.

Honorable Scott H. Rash
United States District Judge